[Civ. No. 8478. First Appellate District, Division Two.—July 5, 1932.]

RALPH E. ZOLLARS, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and RED RIVER LUMBER COMPANY (a Corporation), Respondents.

Bronson, Bronson & Slaven for Petitioner.

A. I. Townsend and Arthur W. Bolton for Respondents.

STURTEVANT, J.—The petitioner commenced this proceeding to obtain a writ of review for the purpose of having annulled an award of the respondent Commission. The record discloses that on the fifteenth day of July, 1928, the petitioner was employed by the Red River Lumber Company as a grader. While so employed he suffered an injury. A veneer panel fell and struck him on the right leg at a point slightly on the inside of, and a few inches above, the ankle. The bruise was about the size of a nickel. The injury was so slight that, although the skin was roughed up, neverthe-

less there was no bleeding. Later the petitioner went to the employer's doctor and the wound was dressed with antiseptics. At the time of the injury the petitioner was suffering from varicose veins on both legs. After the injury the petitioner continued his work until August 1, 1928, but at that time was ordered into the hospital for treatment. He was then suffering from a varicose ulcer at the point where he had been injured. The ulcer was treated until August 19, 1928, when it was sufficiently healed so he could return to work. On August 27th he again entered the hospital and was there until September 17th. He returned to work and on October 18th he entered the hospital and was treated until January 7, 1929. At that time he was discharged "ulcer again healed". On February 8, 1929, the petitioner was again admitted to the hospital and was treated until March 9, 1929, when he was discharged "ulcer healed". On March 14th he was again admitted to the hospital and was treated until April 27th when he was again discharged "ulcer healed". On leaving the hospital he went east and did not return to California until the early part of December, 1930. While east the ulcer again broke forth and he consulted Dr. A. S. Beatty at Preston, Iowa, and was treated by him. That was on August 11, 1930. The treatment continued until September 19, 1930, when his varicose veins were injected. The ulcer healed but soon broke down and the petitioner was last treated by Dr. Beatty on November 16, 1930. When the petitioner returned to California he was again admitted to Westwood Hospital and was treated until March 21, 1931, at which time the ulcer was healed and he was discharged from the hospital. Down to that date he had been paid indemnity for all lost time. Those payments aggregated $1545.06. Between the date of the accident and March 21, 1931, is approximately 139 weeks. He was paid indemnity for 80 weeks but for 59 weeks he was at work and received no indemnity. When he was informed that the payment made on March 21, 1931, was the last payment the petitioner commenced a proceeding before the respondent Commission. After numerous hearings, on February 29, 1932, the respondent Commission made and caused to be filed its award, which in part is as follows: "The disability caused by such injury did not extend beyond the period covered by said payments; and subsequent

recurrent varicose ulcers were not caused or exacerbated by said injury." At this time the petitioner claims, "That the respondent Commission in its findings and award acted without and in excess of its jurisdiction and powers and that the uncontradicted evidence does not support the findings of fact by said Commission that 'the disability caused by such injury did not extend beyond the period covered by the said payments; and said recurrent varicose ulcers were not caused or exacerbated by said injury'."

■ All of the experts agreed that the petitioner was suffering from a varicose ulcer and that the immediate cause of the initial breaking forth of the ulcer was the injury above mentioned. There was evidence that a varicose ulcer may be started by trauma or without trauma. There was evidence that if the ulcer on the petitioner's leg was started by the injury above mentioned all effects of that injury had long since passed away and the conditions existing at the time of the hearing were brought about by the varicose veins and not otherwise. There was also expert opinion evidence that petitioner's condition was "quite typical of varicose veins of a rather high degree in which the tissues are extremely vulnerable and in which in fact ulcer may be expected to form now and then without any external cause whatever merely by standing". But, in several places in his briefs the petitioner asserts that this case involves an injury that has never been *cured*.

The petitioner does not claim that the instant case presents an aggravation of any disease existing prior to such injury. (Workmen's Compensation Insurance and Safety Act, sec. 3, subd. 4 [as amended by Stats. 1919, p. 911].) Furthermore, there was no evidence that the injury which the petitioner received aggravated the varicosity of petitioner's leg, therefore there could be no recovery on the aggravation theory. (*Radonich* v. *Anaconda Copper Min. Co.*, 91 Mont. 437 [8 Pac. (2d) 658, 660].) The sole point presented, therefore, is that this is a case where the injury has never been *cured*. That the ulcer was *healed* was the undisputed testimony, but that the *healed* ulcer again broke forth from time to time is also undisputed. Because it did so break forth the petitioner asserts it was not cured. Although six doctors were examined no single one was asked whether at any time the ulcer was *cured*. No doctor testi-

fied it was not. Several doctors testified that it was *healed*. In common parlance *healed* is *cured* and *vice versa*. (See Century Dictionary.) But counsel, an attorney, says the ulcer was not *cured*. In making this statement we think counsel is assuming to express medical conclusions not supported by the record. In the absence of medical expert evidence to the contrary the record discloses many *cures*. That a healed varicose ulcer breaks forth again argues naught. That is the nature of a varicose ulcer as shown by the testimony. If the petitioner would assert that the ulcer was not *cured* he should have produced medical—not lay or legal—opinion to that effect. (*Houghton* v. *Dickson*, 29 Cal. App. 321, 324 [155 Pac. 128].)

We think there was an abundance of evidence supporting the award of the respondent Commission. The award is affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 4, 1932, and an application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 1, 1932.